UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-80115-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

JAMES WILLIAM LATTA,

               Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and James William Latta (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the following counts of the Indictment: Count 1, which charges the defendant with advertising child pornography, in violation of Title 18, United States Code, Section 2251(d) & (e); and Count 2, which charges the defendant with distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b)(1).

2. At sentencing, the government will move to dismiss counts 3 and 4.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the

1

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range, the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court must impose, as to Count 1, a minimum term of imprisonment of fifteen (15) years and may impose a statutory maximum term of imprisonment of up to thirty (30) years, followed by a term of supervised release of five (5) years up to life. The defendant further understands and acknowledges that the Court must impose, as to Count 2, a minimum term of imprisonment of five (5) years and may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of five (5) years up to life. These sentences of imprisonment may be run consecutively, for a total sentence of 50 years' imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 as to each count, for a total maximum potential fine of $500,000. The Court may order forfeiture and must order restitution as outlined below.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to Title 18, United States Code, Section 3013, a special assessment in the amount of $100 per count will be imposed on the

defendant. The defendant agrees that this special assessment shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3014, a special assessment in the amount of $5,000 per count will be imposed on the defendant if he is not indigent and is pleading guilty, in Counts 1 and 2, to offenses under Chapter 110 (relating to sexual exploitation and other abuse of children). The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

7. The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 2259A, a special assessment not to exceed $35,000 may be imposed for each of Counts 1 and 2. The defendant understands that imposition of an assessment under this provision does not relieve him of, or entitle him to reduce, the amount of any other penalty by the amount of the assessment.

8. The defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to Title 18, United States Code, Sections 2259 and 2259A, the Court shall order the defendant to pay restitution because he is pleading guilty to an offense under Chapter 110. The parties agree that any restitution ordered by the Court under Title 18, United States Code, Sections 2259 and 2259A, shall include the defendant's total offense conduct.

9. Pursuant to Title 18, United States Code, Section 3663A(a)(3), the parties agree that restitution is not limited to Counts 1 and 2, the offenses of conviction in this case. The

defendant agrees to pay restitution to any victims identifiable prior to the imposition of sentence, including victims of dismissed counts, relevant conduct, and any charged or uncharged child pornography offenses, which represents the full amount of those victims' losses as that term is defined in Title 18, United States Code, Section 2259(b)(3). The defendant further agrees that restitution is due pursuant Title 18, United States Code, Section 3663A(c)(1), for offenses and identifiable victims who have suffered a physical injury or pecuniary loss other than those he is pleading guilty to, but nonetheless gave rise to this plea agreement.

10. The parties further understand and acknowledge that the amount of restitution the defendant will be ordered to pay will be calculated pursuant to Title 18, United States Code, Sections 2259 and 2259A. Specifically, the Court will first determine the full amount of each victim's losses that were incurred, or are reasonably projected to be incurred by the victim, as a result of the trafficking of child pornography depicting the victim. The parties understand and acknowledge that, once the full amount of the victim's losses is determined, the Court will then order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. The parties further understand and acknowledge that any individual victim's total aggregate recovery shall not exceed the full amount of that victim's demonstrated losses.

11. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment. As the defendant is pleading guilty to Counts 1 and 2 of the indictment the government will forgo charging the defendant with violations of 18 U.S.C.

2252A(g).

12. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced within the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

13. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The defendant understands further that any recommendation that this Office

makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office. This agreement does not bind this Office as to its sentencing recommendation.

14. The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following property, which is subject to forfeiture pursuant to Title 18, United States Code, Section 2253:

    a. one (1) Samsung cellular device, IMEI 350932554523753

The defendant agrees that the above-listed assets represent: matter that contains a visual depiction of child pornography, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18 of the United States Code; or property used or intended to be used to commit, facilitate, or promote the commission of the offense as alleged in Counts 1 and 2 of the Indictment.

15. The defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. The defendant further knowingly and voluntarily waives the following rights as to property subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial

or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the property by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. The defendant further understands that the forfeiture of the property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

16. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

17. As a condition of supervised release, the defendant shall register with the state sex offender registration in the state of from where he is released from the Bureau of Prisons, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall

comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

18. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 11/1/2024   By: *Gregory Schiller*
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 11/1/24   By: *[signature]*
HOWARD SOHN
ATTORNEY FOR THE DEFENDANT

Date: 11/1/24   By: *[signature]*
JAMES WILLIAM LATTA
DEFENDANT