UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-80115-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

JAMES WILLIAM LATTA,

Defendant.
_____/

**FACTUAL PROFFER**

The United States of America and James William Latta (the "Defendant" or "LATTA") agree that if this case had gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. In March of 2024, a Special Agent from HSI was working in an undercover capacity (hereinafter "the UC") on a mobile messaging application (hereinafter the "App") to detect and investigate violations of federal law related to the sexual exploitation of children. The UC assumed the persona of an adult mother with a notional 8-year-old daughter.

2. On March 20, 2024, the UC encountered a user on the App with username "josh.jk.", who was a moderator or administrator in a taboo chatroom. The UC and the user began private messaging each other, while the UC monitored the user's activity in the chatroom. The user who went by the name "Josh," stated he was a married 37-year-old male in Texas who worked in construction, and had a minor daughter and son, and was later identified as 37-year-old LATTA from Commerce, Texas,. During the ensuing three months, LATTA distributed to the UC videos of child pornography, otherwise known as child sexual abuse material (CSAM) of mostly prepubescent children, to include infants.

3. On or about June 24, 2024, LATTA invited and added the UC into a private chatroom he created within the App. The UC joined the chatroom. There were numerous members within this chatroom that existed through the date of LATTA's eventual arrest. The chatroom was an "Anything Goes" chatroom in which members were invited to share any content they desired without any limits. Most of the content shared among the participants within the chatroom was CSAM, including videos of prepubescent children, including babies. The chat room rules that every member upon entering the room was given included: "Any goes. If you're not into it, scroll by or head out."

4. LATTA was one of the largest distributors of CSAM within the chatroom. LATTA and other members of the room have distributed CSAM, commented on the CSAM being shared, and requested certain types of CSAM.

5. On July 5, 2024, LATTA posted in the chat room at 11:30am, "Had to work yesterday too ☹". He then advertised a hyper-link to an off-App storage folder. The UC clicked on the hyper-link which opened up a website storage repository containing child pornography including four (4) sub-folders, that contained additional layers of subfolders. In total the storage folder held more than 3000 thousand images and videos of child pornography. The link was advertised in chatroom to more than 20 members who were in the room at the time. Following the posting he messaged to the room, "I'm gonna put his here….. do not click unless you're familiar with mega links".

6. In August 2024, LATTA's account was banned or deactivated by the App. He created a new account "joshjk..", reinitiated contact with the UC, and rejoined the chatroom. He continued to distribute CSAM to the UC as of August 30, 2024, utilizing this new account.

7. For example, on August 26, 2024, at approximately 5:29 pm (EST), LATTA

distributed an approximately fifty-six second video of CSAM within the chatroom that depicted a nude, prepubescent white female who was lying on her back as an adult male touched the child's vulva while penetrating her mouth with his erect penis.

8. In total, over the two months running the chatroom, LATT distributed more than 200 images and videos of child pornography.

9. On August 30, 2024, LATTA asked the UC to videochat. The UC responded by asking LATTA if he had a Telegram account so that they could possibly video chat in the near future. LATTA provided the UC with his Telegram account "jjohns1326". The UC messaged LATTA on Telegram. LATTA accepted the friend request and began communicating on Telegram. The UC then was able to view LATTA's Telegram profile which listed his phone number linked to the account as (469) 328-4567. The profile photo depicted a white male wearing hunting attire, with his eyes visible, while holding what appeared to be a hunting rifle. Through Telegram, LATTA proceeded to send the UC videos of himself, with his face visible in the cabin. In the videos, his dog, who he refers to as "Dex," is present.

10. AT&T provided records in response to a records request for (469) 328-4567 that revealed the phone number subscriber is LATTA, in Commerce, Texas. The records also showed that the phone number assigned to this phone number was a Samsung cellular device bearing IMEI 350932554523753.

11. On August 30, 2024, a Federal arrest warrant was issued for LATTA from the Southern District of Florida. On August 31, 2024, HSI Dallas observed LATTA drive a black Jeep Wrangler, from his residence to another family residence in Greenville, TX where he was arrested. With consent from LATTA's wife, who was on scene and confirmed her access to the Jeep, agents seized LATTA's phone that was docked in the Jeep. The cell phone was inscribed with the same

IMEI number as that listed in AT&T's subscriber information for LATTA.

12. A review of that phone pursuant to a Federally issued search warrant revealed additional child pornography files.

13. Based on these facts and other information known to the parties, LATTA agrees that, had this case gone to trial, the government would have proven beyond a reasonable doubt, as to Count 1 of the Indictment, that LATTA violated Title 18, United States Code, Section 2251(d) and (e), on July 5, 2024, such that:

 1) the Defendant knowingly made, printed, or published, or caused to be made, printed, and published, a notice or advertisement seeking or offering;

 2) to produce, display, distribute, or reproduce any visual depiction involving the use of a minor engaged in sexually explicit conduct, and the visual depiction is of such conduct; and

 3) (a) the Defendant knows or has reason to know that the notice or advertisement would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer or mailed; or (b) such notice or advertisement was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer or mailed.

14. Based on these facts and other information known to the parties, LATTA agrees that, had this case gone to trial, the government would have proven beyond a reasonable doubt, as to Count 2 of the Indictment, that LATTA violated Title 18, United States Code, Section 2252A(a)(2) & (b)(1), on August 26, 2024, such that:

 1) the Defendant knowingly distributed a visual depiction in interstate or foreign commerce by any means, including by computer;

 2) producing the visual depiction involved using a minor engaged in sexually explicit conduct;

 3) the depiction shows a minor engaged in sexually explicit conduct; and

4) the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 11/1/2024

By: *Gregory Schiller*
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 11/1/24

By: *[signature]*
HOWARD SOHN
ATTORNEY FOR THE DEFENDANT

Date: 11/1/24

By: *[signature]*
JAMES WILLIAM LATTA
DEFENDANT

5