UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 24-CR-80115-MIDDLEBROOKS

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

JAMES WILLIAM LATTA,

       Defendant.
_____/

### DEFENDANT, JAMES LATTA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT (PSI)

**COMES NOW** the Defendant, **JAMES WILLIAM LATTA** by and through undersigned counsel and respectfully files his objections to the Presentence Investigation Report (PSI) prepared and filed in the instant case.

In doing so and for ease of reference, the objections will be addressed in the order in which the matters/issues were presented in the PSI.

### OBJECTION 1:

### IDENTIFYING DATA:

A. Page 3-The Defendant, **JAMES WILLIAM LATTA** is not Hispanic.

B. Page 3-The Defendant, **JAMES WILLIAM LATTA** does not simply

have a high school diploma but received a bachelor's degree (B.S.) in construction engineering and mathematics from Texas A & M in 2017, as detailed in Paragraph 116 of the PSI.

 C. Page 3-The Defendant would object to the inclusion of ~5 website Usernames in the PSI as "aliases."

## OBJECTION 2:

## PART A. THE OFFENSE:

Page 5, Paragraph 9-The Defendant would clarify that he has not had any Disciplinary actions taken against him while incarcerated pending trial in the Palm Beach County Detention Center in West Palm Beach, or briefly in the Federal Detention Center in Miami.

## OBJECTION 3:

## OFFENSE CONDUCT

Page 18, Paragraph 63-The Defendant would object to paragraph 63 and the inclusion of certain acts of the Defendant's wife which occurred while she was on a small boat with the Defendant and their now 11-year-old daughter. The photographs in question have no relevance or connection to the underlying charges and do not constitute criminal activity or child pornography. Additionally, all of these photographs conclusively show that the Defendant's daughter had her back to her

mother while these acts occurred and did not and could not see at any time what was taking place.

Unfortunately, Probation never addressed this matter with the Defendant, James Latta in his PSI interview and if discovered later, never contacted undersigned counsel to address this and obtain the Defendant's position/explanation before the PSI was filed.

## **OBJECTION 4:**

Page 18, Paragraph 64-The Defendant would object to the contents of Paragraph 64 and the <u>one</u> text message on February 2, 2023 from the Defendant to his daughter in a series of hundreds of text messages exchanged between them in a 2-year period from ~August, 2022 through August, 2024.

There is absolutely no connection or relevance between this one text from the Defendant to his daughter and the charges in this case.

"Putting hands on someone" has always meant to hit someone else and certainly does not implicate the Defendant in committing a sexual act against his daughter. Had Probation inquired, they would have learned that this text referenced a verbal argument between the Defendant's daughter, Lily and her mother while the Defendant was in the bedroom of their home. When the argument continued and voices were raised, the Defendant's wife yelled to the Defendant, "are you going to

do something or just lay there." The Defendant then got up, went to where they were arguing, took Lily by the arm, pulled her up and "said your mom said to do something, so do it." The Defendant's wife Lisa then said to the Defendant you didn't have to be aggressive and they then began to verbally argue. The Defendant to avoid a bigger argument, and being very upset, then left the house, got in his truck and drove to a secluded spot a few miles away to calm/cool down.

He stayed there for several hours and ignored a number of calls and texts from his wife, Lisa; his mother, Lesa; and his daughter, Lily. Finally, after cooling down and regretting that he had lost his temper, he responded to his daughter's text with the 2/2/2023 text detailed in Paragraph 64.

The Defendant would re-affirm that he has never inappropriately touched his daughter, Lily and this text had nothing to do with any alleged confession that he had.

The events of 2/2/2023 can and will be confirmed by the Defendant, his wife, and his mother at sentencing and by his daughter, Lily in a letter that will be submitted with numerus others, to this Court today, Wednesday, January 22, 2025.

This is also confirmed in Paragraph 65, which details the contents of Lily's interview with an HSI forensic interviewer more than 4 months ago on September 16, 2024. In that interview, Lily confirmed that no one had ever touched her in a

sexual or inappropriate manner and if that ever did occur, she would tell an adult.

Again, and as noted in Objection 3 above, unfortunately, Probation never addressed this matter with the Defendant, James Latta in his PSI interview and if discovered later, never contacted undersigned counsel to address this and obtain the Defendant's position/explanation before the PSI was filed.

## OBJECTION 5:

## OFFENSE LEVEL COMPUTATION:

Page 20, Paragraph 76-The Defendant, **JAMES LATTA** would object to Paragraph 76 of the PSI that the Defendant should be assessed a **5-level enhancement** as the "defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor" in accordance with §2G2.2 (b) (5).

As this Court is aware, the requisite definition to attempt to support this enhancement states, "[p]attern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." Application note-Definitions-§2G2.2 (b) (5)

The Defendant would object and submit that the officer has failed to cite any

justification for this enhancement, where the indictment and the charges to which the Defendant pled guilty charged notice/advertisement and distribution of child pornography. Without the required justification, the Defendant would submit that this enhancement does not apply.

### OBJECTION 6:

Page 21, Paragraph 77-The Defendant, would object to Paragraph 77 that the Defendant should be assessed a **2-level enhancement** because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material or for accessing with intent to view the material (CP)."

**(2)** USSG §2G2.2, (b) (6) provides:

If the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, increase by 2 levels.

As this Court, the Government and undoubtedly United States Probation are acutely aware, the inclusion of this two-level enhancement for use of a computer is so "run of the mill" and all but inherent to the crime of conviction, given technological advances, that it results in impermissible double counting.

Specifically, with the rapid pace of technological advances, the worldwide prolific use of cellular phones, Wi-Fi internet connections, and software

applications, the intent of the enhancement falls squarely in the purview of impermissible double counting.

While recognizing that the 11th Circuit has continued to affirm the application of this enhancement, United State v. Crow, 22-14267 (11th Cir. December 7, 2023) and United States v. Alpizar, 743 Fed.Appx. 928 (11th Cir. 2018), the Defendant would submit that this enhancement, is obsolete and no longer useful and should be eliminated. The U.S. Department of Justice Criminal Division, twelve (12) years ago in its 2013 report to the U.S. Sentencing Commission, agreed when it recommended that this 2-level "computer enhancement" be eliminated and stated that this enhancement for the use of a computer in §2G2.2(b)(6) is no longer useful.

Further, in its 2012 report to Congress, addressing Federal child pornography offenses, the United States Sentencing Commission recognized the need to eliminate/remove/amend this "computer enhancement" when it found in its multi-year study,

> As a result of recent changes in the computer and Internet technologies that typical non-production offenders use, the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their degrees of culpability. Non-production child pornography offenses have become almost exclusively Internet-enabled crimes. ….As a result, four of the of six sentencing enhancements in §2G2.2 — those relating to computer usage and the type and volume of images possessed by offenders, which together account for offense levels — now apply to most offenders and, thus, fail to differentiate among offenders in terms of their culpability. These

<u>enhancements originally were promulgated in an earlier technological era, when such factors better served to distinguish among offenders.</u> Indeed, <u>most of the enhancements in §2G2.2, in their current or antecedent versions, were promulgated when the typical offender obtained child pornography in printed form in the mail</u>. (2012 Sentencing Commission report at ii-iii)

Additionally, the Second Circuit addressed this issue in <u>United States v. Jenkins</u>, 854 F.3d 181 (2d Cir. 2017) as it pertains to U.S.S.G. § 2G2.2, the guideline governing child pornography offenses, when it held/stated,

> First, we observed that the Sentencing Commission has not been able to apply its expertise but instead has increased the severity of penalties "at the direction of Congress," despite "often openly oppos[ing] these Congressionally directed changes." [citing United States v. Dorvee, 616 F.3d 174, 184-186 (2d Cir. 2010)]. Second, we noted that four of the sentencing enhancements were so "run-of-the-mill" and "all but inherent to the crime of conviction" that "[a]n ordinary first-time offender is therefore likely to qualify for a sentence of at least 168 to 210 months" based on an offense level increased from the base level of 22 to 35. Dorvee, 616 F.3d at 186. We emphasized that this range was likely to be unreasonable because it was "rapidly approaching the statutory maximum for distribution of child pornography, and because the offense level failed to sufficiently distinguish between "the most dangerous offenders" who "distribute child pornography for pecuniary gain and who fall in higher criminal history categories" and those who distribute for personal, non-commercial reasons. Jenkins at 188-189.

## **OBJECTION 7:**

Based on the offense level calculation objections raised as to Paragraphs 76 and 77 of the PSI, the Defendant would object to Paragraph 86 and the total offense level of 39, as well as the 262–327-month range calculated and detailed in Paragraph 137 of the PSI.

With the removal of these 7 level enhancements, the correct total offense level should be 32 as opposed to 39. This would result in a guideline range of 121-151 months, and not 262–327-months. The Defendant recognizes and acknowledges the applicability of the 15-year minimum mandatory sentence for Count 1, which would require the adjustment of the minimum sentence from 121 months to 180 months, assuming at this time, that there is no basis for a downward departure.

## OBJECTION 8:

## OFFENDER CHARACTERISTICS

### Substance Abuse

Page 27, Paragraph 110- The Defendant would object and clarify that the portion which states "his alcohol consumption became heavy by consuming two to four beers when he was at home, and by consuming up to 30 12oz cans of beer <u>on some nights that he worked out of town</u>" is not fully accurate or complete. In regard to this out-of-town alcohol consumption, the Defendant was employed as a construction supervisor for several large-scale apartment complexes and other major construction projects, located hundreds of miles from the Defendant's home. As a result, the Defendant was out of town for extended periods of time, for some times as long as 6-8 months. He would travel home on some but not all weekends. This heavy alcohol consumption, i.e. up to 30 cans of beer per night occurred almost every day he was

out of town for extended periods of time for his job.

## OBJECTION 9:

**Financial Condition-Ability to Pay**

Pages 29-30, Paragraph 124-The Defendant would simply state that due to his pre-trial incarceration since August 31, 2024, he does not have accurate and up-to-date financial information as to his present assets and liabilities, and specifically the amounts/balances of his outstanding loans and debt.

The Defendant believes his wife has the most current information and believes she has or will be providing this information to Probation. He can state however that he has no income or prospect of future income, and with the listed assets and liabilities and considerable negative net worth, he does not have the ability to pay a fine, as confirmed in Paragraph 135.

## OBJECTION 10:

**FACTORS THAT MAY WARRANT DEPARTURE**

Page 35, Paragraph 153- The Defendant would object to Probation citing the length of one video as a factor and possible basis to warrant an upward departure.

Specifically, in this regard, the PSI stated, "the defendant possessed one video file that was <u>substantially</u> longer than five minutes in length (sent to the UC on August 31, 2024). Pursuant to § 2G2.2, comment. [n.6(B)(ii)], if the length of the

visual depiction is <u>substantially</u> more than five minutes, an upward departure may be warranted."

In Paragraph 50, the PSI shows one video sent on that date was about 3:13 minutes long, and another video sent that day was "approximately five minutes and forty-eight seconds…" The second video is longer than five minutes, but not "***substantially***" longer than five minutes to support an upward departure.

The only 11th Circuit case that undersigned counsel could locate even peripherally addressing this issue was <u>United States v. Krumm</u>, 2024 WL 1298244, No. 23-11774 (11th Cir. Mar 27, 2024). In that case *Krumm* objected to the PSI that explained that an upward departure might be warranted because the <u>11-hour video</u> was substantially longer than five minutes." <u>United States v. Krumm</u>, supra.

The Court did not grant an upward departure, varied downward and sentenced *Krumm* to 134 months of imprisonment from an advisory guideline sentencing range of 210 to 240 months over Government objection. The 11th Circuit found that the Court did not abuse its discretion and affirmed this sentence.

**OBJECTION 11:**

Page 35, Paragraph 154- The Defendant would object to Paragraph 154 as this includes a serious, unfair bias expressed by the Probation Officer to conclude that the Defendant admitted to having sexual contact with at least 2 minors. The

defendant did not "admit" to having sexual contact with two children; he simply expressed a fantastical story, as he had expressed in a number of chatroom messages which led to his arrest and these charges.

The Probation Officer then writes and concludes, "This hands-on conduct not only shows a pattern of inappropriate sexual behavior by the defendant, but the extremes of what the defendant is capable of." She then implies a variance (not a departure) is warranted.

The Probation Officer failed to acknowledge the Defendant's daughter's September 16, 2024 HSI forensic interview, where she confirmed that no one had ever touched her in a sexual or inappropriate manner and if that ever did occur, she would tell an adult. (See Paragraph 64-Objection 4 above)

Additionally, the officer failed to interview and include the statements of the Defendant's wife, mother and sister, who were all present at the lake for a family vacation and would testify that the Defendant did not have a 2-year-old niece at that time and more importantly, the Defendant was never alone with any nieces, nephews or minor children during this family vacation. To that point, both the Defendant's mother, Lesa Latta and his sister, Lesley Latta testified under oath to these facts and circumstances at the Defendant's initial appearance hearing in the Northern District of Texas, Dallas Division on September 9, 2024. (Transcript available and will be

provided upon request)

Finally, the Probation Officer also failed to reference any evidence of any unlawful sexual contact; and she is not an expert who is qualified to make an assessment as to what the Defendant, Latta is or is not capable of doing. Further, the Probation Officer provides at best, guidance for a variance, which is outside the scope of this section (factors to warrant a departure).

### **OBJECTION 12:**

Page 35, Paragraph 155- The Defendant objects to Paragraph 155, which asserts that pursuant to §5K2.21, the Court can consider dismissed and uncharged conduct for an upward departure in this case. This is based on speculation, specifically the Probation Officer noting NCMEC reports, a KIK report, and files found in the Defendant's cellphone "which could have led to him being charged with possession of a depiction of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B)."

For an upward departure under 5K2.21, the conduct must be 1) dismissed as part of a plea agreement or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and 2) that did not enter into the determination of the applicable guideline range. Sentencing under 2252(a)(4)(B) would revert to USSG §2G2.2, which is already being used. The reference to

NCMEC and Kik reports lack any substantive information that would support a prosecution. Further, there are no new factors in any of the referenced reports or materials that would create an increase in the offense level; rather, all factors have been considered to reflect the seriousness of the Defendant, Latta's conduct and have been used to determine the applicable guideline range. This paragraph is a complete overreach and must be excluded by this Court.

## OBJECTION 13:

**CONDITIONS OF SUPERVISION**

**Recommended Special Conditions**

Page 38-39, Paragraph 181, 182 and 190-The Defendant would object to Paragraphs 181, 182 and 190 as they lack any reason to search (in other words, they don't even involve reasonable suspicion-the Defendant just has to submit to a search of his person/property). This is too broad and objectionable. Paragraph 182 already requires a search under the Adam Walsh Act, but it relies on reasonable suspicion. There is no need and the Defendant would object to having two separate search conditions, one that allows any search for any reason and one that limits it to searches conducted with reasonable suspicion. The Defendant would also object to paragraph 190 which improperly allows the Probation Officer to seize data and computer equipment on their whim, without any reason whatsoever.

## **OBJECTION 14:**

Page 38, Paragraph 192-Paragraph 192 is too broad. It would be reasonable if it was tied to a condition (for example, "The defendant shall not incur any debt until all financial payments are satisfied"). However, just saying he can have no new debt or even act as a cosigner is too onerous. Further, the court defers its authority to the Probation Office to determine whether he can get a loan, credit card, etc. This is problematic and should include some exceptions, otherwise Probation can arbitrarily determine when the Defendant, Latta can have a loan and can use this authority punitively rather than to aid in his reintegration.

Finally, the Defendant, **JAMES WILLIAM LATTA** has had an opportunity to review the remaining factual portions of the PSR with counsel and would advise that this information is accurate and has no additional objections in regard thereto.

Based on the foregoing, and with the removal of these 7 level enhancements per the objections detailed above, the Defendant, **JAMES WILLIAM LATTA** would submit that the correct and appropriate total offense level should be 32 as opposed to 39. This would result in a sentencing guideline range of 121-151 months, and not 262–327-months. The Defendant does recognize and acknowledge the applicability of the 15-year minimum mandatory sentence for Count 1, thereby

adjusting the minimum sentence from 97 months to 180 months, assuming at this time, that there is no basis for a downward departure.

The Defendant, **JAMES WILLIAM LATTA** and undersigned counsel would further reserve the right to supplement these objections at sentencing.

**WHEREFORE** and by reason of the foregoing, the Defendant, **JAMES WILLIAM LATTA**, respectfully requests that this Honorable Court sustain his objections to the PSI as detailed above and re-calculate his applicable sentencing guideline range in accordance therewith.

**RESPECTFULLY SUBMITTED,**

**LAW OFFICE OF HOWARD SOHN**
Attorney for the Defendant**, LATTA**
1500 Gateway Blvd, Suite 220
Boynton Beach, Florida 33426
Telephone: (561) 214-2464
Crimdefender1@gmail.com

By: _s//Howard Sohn_____
   **HOWARD SOHN**
   **Florida Bar No. 282995**

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically via CM/ECF filing to: **GREGORY SCHILLER, AUSA**, **UNITED STATES ATTORNEY'S OFFICE**, 500 S. Australian Avenue, Suite 400, West Palm Beach, Florida 33401 and **SYRETA GOULD, UNITED STATES PROBATION OFFICE,** Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, 9th Floor South, Miami, Florida 33128 on this 22nd day of January, 2025.

By: _s//Howard Sohn_____
    **HOWARD SOHN**